UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEROY LECKY,
                        Plaintiff,

              -against-

MICHAEL MCGRATH, et al.,
                        Defendants.
------------------------------------------------------------X

24 Civ. 3477 (LGS)

**ORDER**

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Defendants filed a Notice of Removal on May 6, 2024, and removed this action from state court pursuant to the Court's diversity jurisdiction;

    WHEREAS, the federal courts are courts of limited jurisdiction, and "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

    WHEREAS, "the party invoking federal jurisdiction" bears the burden of "establish[ing] the existence of diversity jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019).

    WHEREAS, a district court may *sua sponte* remand a case for a procedural defect within thirty days of the filing of the Notice of Removal. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006).

    WHEREAS, a Notice of Removal should allege the citizenship of the parties both at the time of the commencement of the action, and at the time of the Notice of Removal. "[T]he general rule is when, as in this case, diversity is the sole basis for asserting removal jurisdiction, diversity must exist both at the time the original action is filed in state court and at the time

removal is sought to federal court." *Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (summary order); *accord Wells Advance LLC v. Carpenter*, No. 22 Civ. 9997, 2022 WL 17631813, at *1 (S.D.N.Y. Dec. 13, 2022).

WHEREAS, Defendants' Notice of Removal is procedurally defective.  Defendants' Notice of Removal fails to allege the citizenship of the parties both at the time of the commencement of the action, and at the time of the Notice of Removal.  Defendants' Notice of Removal alleges that "Plaintiff and Defendants are citizens of different states" but alleges only that "Plaintiffs reside in the Bronx, New York" and "Defendant Thomas McGrath resides in Connecticut and Defendant Michael McGrath resides in Virginia."  *See Adrian Fam. Partners I*, 79 F. App'x at 491 ("It is well established that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens."); *accord Raymond v. Dias de Araujo*, No. 23 Civ. 7578, 2023 WL 8947157, at *2 (S.D.N.Y. Dec. 28, 2023).[1]  It is hereby

    **ORDERED** that this matter is **REMANDED** to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1447(c).

Dated: May 15, 2024
       New York, New York

                                                LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.